549 A.2d 195

**COMMONWEALTH of Pennsylvania**

**v.**

**Charles KING, Appellant.**

Superior Court of Pennsylvania.

Submitted June 28, 1988.

Filed Oct. 4, 1988.

554

Douglas M. Johnson, Assistant Public Defender, College-ville, for appellant.

Mary M. Killinger, Assistant District Attorney, Norristown, for Com., appellee.

Before TAMILIA, KELLY and HESTER, JJ.

KELLY, Judge:

Appellant, Charles King, appeals from judgment of sentence imposed following his conviction of attempted homicide and violation of the Uniform Firearms Act. We affirm.

On December 11, 1986, appellant approached his estranged wife as she returned home from work, grabbed her arm, and asked, "Can't we settle this out of court?" His wife had separated from him, and had filed for a protective order under the Protection from Abuse Act, 35 P.S. § 10181 *et seq.* Appellant then produced a revolver, placed it against his wife's head, and told her not to scream. She broke loose and tried to flee. Appellant then shot his wife in the back. She was able, however, to reach the relative safety of her home, which was less than a city block from

where she was shot. Police and an ambulance soon arrived. She identified appellant as her assailant and was taken to the hospital.

Appellant was arrested and charged with attempted murder, violation of the Uniform Firearms Act and related offenses. At trial, appellant's wife testified against appellant. Her testimony was partially corroborated by two disinterested eyewitnesses and by the doctor who performed emergency surgery on her on the night of the shooting. The jury convicted appellant of attempted murder and violation of the Uniform Firearms Act.

Post-verdict motions were filed, argued, and denied. A pre-sentence investigation report was prepared, and on January 28, 1988, appellant was sentenced to a term of imprisonment of five to ten years imprisonment and a consecutive five year term of probation. This timely appeal followed.

The sole issue raised on appeal is whether trial counsel was ineffective in failing to object to a question asked of an expert witness by the trial court after direct, cross, re-direct, and re-cross examination of the expert witness had been concluded. Appellant contends that counsel was ineffective for failing to object to the following exchange:

BY THE COURT: "Dr. Clement, in your opinion was this patient—did the conduct that resulted in these injuries place this patient in danger of death or serious bodily injury?"

BY DR. CLEMENT: "Yes, Your Honor."

(N.T. 9/30/87–10/1/87 at 78). Appellant argues:

Until the Court's intervention, the Commonwealth's case-in-chief with regard to the charges of attempted murder and aggravated assault had gaping holes in that fundamental elements of the offenses had not been established. The defendant concedes the propriety of the Trial Court clearing up confusion, unclear, or indefinite testimony. In the case at bar, however, the evidence was simply not elicited or established by the Commonwealth.

The defendant respectfully submits that the Trial Court crossed that fine line separating judicial clarification from

judicial advocacy. The Trial Court's conduct constituted reversible error. Trial counsel's failure to object to and preserve this issue had no reasonable basis designed to effectuate defendant's interest.

The defendant is entitled to a new trial.

(Appellant's Brief at 6–7).[1] Appellant cites *Commonwealth v. Myma*, 278 Pa. 505, 123 A. 486 (1924) and *Commonwealth v. Britton*, 334 Pa.Super. 203, 482 A.2d 1294 (1984), *appeal dismissed* 509 Pa. 620, 506 A.2d 895 (1986), in support of this argument.

We reject entirely and unequivocally appellant's cynical and hyper-formalistic characterization of the function of the trial judge and the limits of judicial interrogation. The cases cited by appellant do not support the proposition urged; moreover, appellant's contention is contrary to the clear and overwhelming weight of authority in this Commonwealth.

 A trial judge has a right and sometimes a duty to question witnesses to clarify existing facts and to elicit new facts, though the questioning should not be done in a biased or protracted manner. *See Commonwealth v. Brown*, 438 Pa. 52, 63, 265 A.2d 101, 107 (1970); *Commonwealth v. Horn*, 395 Pa. 585, 591, 150 A.2d 872, 875 (1959); *Commonwealth v. Watts*, 358 Pa. 92, 96, 56 A.2d 81, 83 (1948); *Commonwealth v. Green*, 315 Pa.Super. 564, 577–78, 462 A.2d 736, 742–43 (1983); *Commonwealth v. Knox*, 273

---

1. We note in passing that appellant's characterization of the case as having gaping holes regarding fundamental elements is not accurate. The victim's testimony was clearly sufficient by itself to sustain the convictions. Moreover, the medical expert had already explained that the path of the bullet passed within an inch and one-half of her heart and through one lung requiring removal of a portion of the lung, and that although an injury to the heart would have placed her in an "extremely serious condition," she was in bad enough shape with the injuries she had. (N.T. 9/30/87–10/1/87 at 71). Though we do not dispose of the instant appeal on this ground, we note that the challenged question and answer could reasonably be characterized as being designed to clarify existing testimony rather than supplying omitted testimony.

Pa.Super. 563, 569, 417 A.2d 1192, 1195 (1980); *Commonwealth v. Hodge*, 246 Pa.Super. 71, 79, 369 A.2d 815, 819–20 (1977). It is a right which the trial judge must exercise with caution, and with due regard for the common law preference for clarification by adversarial cross-examination, rather than judicial interrogation. *See Keating v. Belcher*, 384 Pa. 129, 132–33, 119 A.2d 535, 537–38 (1956); *Commonwealth v. Britton, supra,* 334 Pa.Superior Ct. at 210–211, 482 A.2d at 1297–98; *Commonwealth v. Johnson,* 312 Pa.Super. 484, 492, 459 A.2d 5, 9 (1983); *Commonwealth v. Berklowitz,* 133 Pa.Super. 190, 195, 2 A.2d 516, 518 (1938). Particular care must be taken so that the questions do not usurp or unduly encroach upon the fact finding function of the jury by suggesting judicial disbelief of particular testimony or a judicial opinion on one or more issues for or against one side or the other. *See Commonwealth v. Hammer,* 508 Pa. 88, 100–08, 494 A.2d 1054, 1060–64 (1985); *Commonwealth v. Laws,* 474 Pa. 318, 325–27, 378 A.2d 812, 815–16 (1977); *Commonwealth v. Bulter,* 448 Pa. 128, 133–36, 291 A.2d 89, 92–93 (1972); *Pratt v. Stein,* 298 Pa.Super. 92, 121–24, 444 A.2d 674, 687–91 (1982); *cf. Commonwealth v. Berrigan,* 369 Pa.Super. 145, 178, 535 A.2d 91, 108 (1987) (Tamilia, J., dissenting; Cavanaugh and Kelly, JJ., join); *id.,* 369 Pa.Superior Ct. at 180, 535 A.2d at 109 (Kelly, J., dissenting).

■ Nonetheless, "[a] courtroom is a court of justice and not just a battleground for the tilting of attorneys or a testing of their wits and oratory,—to so limit it would often jeopardize or defeat justice." *Keating v. Belcher, supra,* 384 Pa. at 132, 119 A.2d at 537. It is the purpose of a criminal trial to ascertain the truth, and it is the business of the trial judge to see that that end is obtained. *Commonwealth v. Seabrook,* 475 Pa. 38, 47, 379 A.2d 564, 568 (1977). Thus, it is proper for the trial court to ask questions about facts which did not appear from either counsel's examination of the witness. *See Commonwealth v. Hammer,*

*supra,* 508 Pa. at 100, 494 A.2d at 1060 (1985); *Commonwealth v. Seabrook, supra,* 475 Pa. at 47, 379 A.2d at 568. Indeed, the trial court may go so far as to recall a witness to supply an omission of proof as to a material issue. *See Commonwealth v. Myma, supra,* 123 A. at 487; *Commonwealth v. Britton, supra,* 334 Pa.Superior Ct. at 210–211, 482 A.2d at 1297–98; *Commonwealth v. Miller,* 234 Pa.Super. 146, 154, 339 A.2d 573, 577–78 (1975), *affirmed* 469 Pa. 24, 364 A.2d 886 (1976).

Appellant's argument suggests that when the truth lies hidden behind the door of an inadvertently unasked question, a trial judge, who sees the light of truth shining through the cracks around the frame of such a door, is barred from opening the door for the jury with a question from the bench, except when there is "confusion or uncertainty" regarding the witness' testimony. The foregoing authorities, including both *Myma* and *Britton* which appellant cited, clearly establish the absence of such a restriction.

■ Here, the trial court asked the medical expert a single question to assist the jury in applying an applicable legal standard to the expert medical testimony presented, *i.e.* to have the doctor answer directly whether in his expert opinion the wound, which he had already described in medical terms, involved a danger of death or serious injury to the victim. Such limited and unbiased questioning was clearly within the sound discretion of the trial court to conduct.

Counsel was not ineffective in failing to raise a meritless objection to the exchange challenged here on appeal. *Cf. Commonwealth v. Johnson,* 355 Pa.Super. 123, 139–44, 512 A.2d 1242, 1251–52 (1986) (counsel was not ineffective in failing to object when the trial court permitted counsel to recall to the stand and redirect a witness to correct critical inadvertent omissions from the prior direct examination).

Judgment of sentence is affirmed.