# Commonwealth v. Ogelsby

C.P. of Montgomery County, no. 1169 EDA 2005.

*Mary Ann Killinger,* for the Commonwealth.
*Erik S. Shmukler,* for defendant.

HODGSON, *J.,* May 27, 2005—Appellant, John Ogelsby, timely appeals to the Superior Court from the judgment of sentence entered on March 4, 2005, following a trial by jury which found him guilty of attempting to cause aggravated assault, simple assault and recklessly endangering another person.

## FACTS AND PROCEDURAL HISTORY

On March 27, 2004, the defendant was arrested by Pottstown Police Department and charged with aggravated assault and related charges. The defendant had brutally assaulted the victim, Michael Seth, on the sidewalk of a public street in Pottstown. When the police entered the scene, they witnessed that the victim's left eye was swollen shut, he had a laceration on his left cheek and complained of not being able to find a tooth. On September 20, 2004, the defendant entered an open plea of guilty to aggravated assault/attempted serious bodily injury, pursuant to 18 Pa.C.S. §2702(a)(1). Sentencing was deferred pending the completion of a presentence investigation and report. Subsequently, defendant filed a motion to withdraw guilty plea, which was granted on December 27, 2004.

On March 3, 2005, a trial by jury commenced and defendant was found guilty of aggravated assault (attempting to cause serious bodily injury to another) pursuant to 18 Pa.C.S. §2702(a)(1);[1] simple assault pursuant to 18 Pa.C.S. §2701(a)(1) and (3); and recklessly endangering another person pursuant to 18 Pa.C.S. §2705. This appeal followed. In his concise statement of matters complained of on appeal, appellant raises the following issues:

(1) Whether the trial court erred in permitting the Commonwealth witness, Dr. Richard S. Mackenzie, to testify that the victim suffered "significant injuries," which was a question for the jury.

(2) Whether the trial court erred in denying the defendant's motion for judgment of acquittal, made during trial, based on a lack of causation evidence pertaining to the victim's injuries.

## LEGAL DISCUSSION

### *The Court Properly Permitted Dr. Mackenzie To Testify That the Victim Suffered "Significant Injuries"*

First, the defendant contends that this court erred in permitting an expert witness to testify that the victim suffered "significant injuries," since that is a question for the jury. For the following reasons, this claim fails.

We properly allowed Dr. Mackenzie to testify that the victim suffered "significant injuries." Pennsylvania Rule

---

1. The jury was unable to reach a verdict on the charge of aggravated assault (did cause serious bodily injury to another). See 18 Pa.C.S. §2702(a)(1).

of Evidence 704 permits both expert and lay opinion testimony on the issue that ultimately must be decided by the trier of fact. In this case, both parties accepted Dr. Mackenzie as an expert in the area of emergency room medicine during trial without objection. He testified that the victim suffered a fracture of the nasal bone, maxillary sinus, facial lacerations and loss of a tooth.

In order to prove the charge of aggravated assault, the Commonwealth must establish that the defendant caused and/or attempted to cause serious bodily injury to the victim. 18 Pa.C.S. §2702(a)(1). During trial, Dr. Mackenzie was never permitted to testify as to the specific issue of "serious bodily injury," since that is a determination for the jury to resolve. Rather, the doctor testified to the degree of injuries he observed the victim had suffered immediately following the assault. This is in accord with Rule 704, which provides that "testimony in the form of opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Pa.R.E. 704. Therefore, the doctor's testimony was well within the ambit of testimony that an expert witness may give. See *Commonwealth v. Daniels,* 480 Pa. 340, 390 A.2d 172 (1978); *Commonwealth v. King,* 378 Pa. Super. 553, 549 A.2d 195 (1988).

During trial, Dr. Mackenzie simply testified as to the victim's condition when he examined him. The question for the jury was whether the defendant caused and/or attempted to cause these injuries. Medical expert testimony is permitted "in all cases, civil and criminal alike, when it involves explanations and inferences not within the range of ordinary training, knowledge, intelligence and experience." *Commonwealth v. Nasuti,* 385 Pa. 436,

443, 123 A.2d 435, 438 (1956); *Commonwealth v. Dillon*, 528 Pa. 417, 598 A.2d 963 (1991). As laymen, the jury cannot be expected to ascertain whether the victim's injuries were of the type that could have resulted from a criminal assault. *Id.* It is, however, their responsibility to determine whether the defendant was the perpetrator of this particular assault. This duty was in no way compromised by Dr. Mackenzie's expert testimony.

The admission or exclusion of expert testimony is within the sound discretion of the court. *Turney Media Fuel Inc. v. Toll Bros. Inc.,* 725 A.2d 836, 839 (Pa. Super. 1999). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." *Id.* In this case, the expert testimony regarding the significance of the victim's injuries was not prejudicial to the defendant in any way. Rather, this testimony was permitted to aid the jury in their determination of the causal connection between defendant and victim's injuries, which the jury was deadlocked in finding. At the close of trial, the jury had only concluded, regarding the aggravated assault charge, that the defendant *attempted* to cause serious bodily injury on the victim, not that he did, in fact, cause that injury.

Moreover, it is the jury, as trier of fact, who determines the credibility of each witness. "A jury is always free to believe all, part, some, or none of the evidence presented." *Kaufman v. Campos,* 827 A.2d 1209, 1211 (Pa. Super. 2003). Thus, the jury is not obliged to believe Dr. Mackenzie's expert testimony in whole or in part. Based on the above, the court's decision to permit Dr. Mackenzie to testify as to "significant injuries" was appropriate.

The court properly denied defendant's motion for judgment of acquittal made at trial.

Lastly, the defendant contends that we improperly denied his motion for judgment of acquittal. The defendant moved for entry of a judgment of acquittal based upon insufficient evidence at the closing of Commonwealth's case in chief pursuant to Pa.R.C.P. 1124(a)(1). According to Rule 1124(a)(1), "A defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged in . . . a motion for judgment of acquittal at the close of the Commonwealth's case in chief." Specifically, the defendant's motion was based on a lack of causation evidence pertaining to the victim's injuries. Defendant's support for his motion was that, with respect to the alleged injuries to the victim, the Commonwealth failed to provide causation testimony to establish that defendant caused and/or attempted to cause those specific injuries.

The legal analysis necessary in determining whether a motion for judgment of acquittal is appropriate is "whether the evidence is sufficient to permit a jury to determine that each and every element of the crimes charged has been established beyond a reasonable doubt." *Commonwealth v. Feathers,* 442 Pa. Super. 490, 500, 660 A.2d 90, 95 (1995). It is the function of the jury to pass upon the credibility of the witnesses and to determine the weight accorded to the evidence produced. Again, the jury is free to believe all, part or none of the evidence introduced at trial. See *id.;* see *Commonwealth v. Guest,* 500 Pa. 393, 396, 456 A.2d 1345, 1347 (1983). "The facts and circumstances established by the Commonwealth 'need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is

for the jury unless the evidence "be so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ' " *Id.; Commonwealth v. Sullivan,* 472 Pa. 129, 150, 371 A.2d 468, 478 (1977), quoting *Commonwealth v. Libonati,* 346 Pa. 504, 508, 31 A.2d 95, 97 (1943). Thus, the court must determine whether a jury has enough evidence to decide the facts of the case.

In order to establish that the defendant was guilty of aggravated assault and other related charges regarding the victim, the Commonwealth had the burden of proving that the defendant caused, and/or attempted to cause, the specific injuries that the victim sustained. Here, the evidence presented was clearly sufficient to permit the jury to determine the causation element of the offense.

The Commonwealth need not have a medical expert testify as to each specific injury and the causal connection thereof. The Commonwealth, in this case, relied on a layperson's testimony about what facts occurred to establish causation. Specifically, the Commonwealth depended on the testimony of the victim. We believe that testimony was sufficient to allow the jury to decide the issue of causation relating to serious bodily injury in this case. As such, we properly denied defendant's motion for judgment of acquittal at the closing of Commonwealth's evidence at trial.

## CONCLUSION

In view of the foregoing, the sentence should be affirmed.